# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| James Williams, | Civil Action No.: 3:16-cv-1136 |
| Plaintiff, | |
| v. | |
| ProCollect, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, James Williams, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, James Williams ("Plaintiff"), is an adult individual residing in Dallas, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, ProCollect, Inc. ("ProCollect"), is a Texas business entity with an address of 12170 North Abrams Road., Suite 100, Dallas, Texas 75243, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

5. An individual allegedly incurred a financial obligation (the "Debt") to Dallas Methodist Emergency Room (the "Creditor") for a medical bill.

6. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The alleged Debt was purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed by the Creditor to collect the Debt.

8. Defendant attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ProCollect Engages in Harassment and Abusive Tactics

9. On or about October 27, 2015, ProCollect called Plaintiff in an attempt to collect the Debt.

10. During this conversation, ProCollect told Plaintiff that he had previously agreed to pay the Debt during a conversation taking place on or about September 29, 2015.

11. Plaintiff explained to ProCollect that it had the wrong James Williams because he had never had a conversation with ProCollect.

12. Nevertheless, ProCollect threatened to list the Debt on Plaintiff's credit report if he did not pay the Debt.

### C. Plaintiff Suffered Actual Damages

13. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

14. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

17. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

18. Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant threatened to communicate false credit information.

19. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 26, 2016

Respectfully submitted,

By */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar # 432383
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
Attorneys for Plaintiff